UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL CARBALLA,**

　Petitioner,

v.　　　　　　　　　　　　　　　　Case No. 8:21-cv-2315-MSS-NHA

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

　Respondent.
_____/

**O R D E R**

Carballa petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court convictions for possession of child pornography and transmission of child pornography by an electronic device. (Doc. 4) He asserts that the state court violated his federal rights by denying his motion to suppress his statements to law enforcement (Ground One) and by denying his motion for a downward departure at sentencing. (Ground Two) The Respondent asserts that both claims are procedurally defaulted and that the claim in Ground Two based on a violation of state law is not cognizable on federal habeas. (Doc. 7) After reviewing the amended petition, the response, and the relevant state court record, the Court **DENIES** the amended petition.

**PROCEDURAL HISTORY**

Carballa pleaded guilty to thirty-six counts of possession of child pornography and seven counts of transmission of child pornography (Doc. 7-2 at 107–10). The plea was entered without the benefits of a plea agreement with the prosecutor. The trial court imposed an aggregate sentence of forty-two years in prison. (Doc. 7-2 at 338, 346–47) Carballa appealed,

1

and the state appellate court affirmed. (Doc. 7-2 at 413) Carballa did not move for post-conviction relief in state court, and his federal petition followed.

## ANALYSIS

**Exhaustion and Procedural Default**

A petitioner must exhaust the remedies available in state court before a federal court can grant relief on habeas. 28 U.S.C. § 2254(b)(1)(A). The petitioner must (1) alert the state court to the federal nature of his claim and (2) give the state court one full opportunity to resolve the federal claim by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state court must have the first opportunity to review and correct any alleged violation of a federal right. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A federal court may stay — or dismiss without prejudice — a habeas case to allow a petitioner to return to state court to exhaust a claim. *Rhines v. Weber*, 544 U.S. 269 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982). If the state court would deny the claim on a state procedural ground, the federal court denies the claim as procedurally defaulted. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Also, "a state court's rejection of a federal constitutional claim on procedural grounds will [ ] preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (citing *Coleman*, 501 U.S. at 729–30).

To excuse a procedural default on federal habeas, a petitioner must demonstrate either (1) cause for the default and actual prejudice from the alleged violation of federal law

or (2) a miscarriage of justice. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *House v. Bell*, 547 U.S. 518, 536–37 (2006).

### Ground One

Carballa asserts that the trial court violated his federal rights by denying his motion to suppress his statements to law enforcement. (Doc. 4 at 8–24) He contends that, while he was detained in a police car, police officers coerced his incriminating statements. (Doc. 4 at 8–9, 15–24) The Respondent asserts that the claim is procedurally defaulted because Carballa failed to raise the federal claim on direct appeal. (Doc. 7 at 3) In his brief on direct appeal, Carballa failed to challenge the denial of the suppression motion. (Doc. 7-2 at 384–94) Because Carballa did not invoke one complete round of the state's established appellate review process, Carballa failed to exhaust his remedies in state court. *O'Sullivan*, 526 U.S. at 845. If he returned to state court to raise the federal claim, the post-conviction court would deny the claim as procedurally defaulted. Fla. R. Crim. P. 3.850(c). Therefore, the claim is procedurally defaulted on federal habeas. *Snowden*, 135 F.3d at 736. Carballa fails to assert cause and prejudice or a miscarriage of justice to excuse the procedural default. *Maples*, 565 U.S. at 280; *House*, 547 U.S. at 536–37. Consequently, the claim is procedurally barred from federal review.

Even if the claim is not procedurally barred, Carballa waived his right to challenge the trial court's denial of his motion to suppress by knowingly and voluntarily pleading guilty. "A defendant who knowingly and voluntarily enters a plea of guilty waives all non-jurisdictional challenges to his conviction." *Martin v. Kemp*, 760 F.2d 1244, 1246 (11th Cir. 1985) (citing *McMann v. Richardson*, 397 U.S. 759 (1970)). A trial court's refusal to suppress evidence is non-jurisdictional, and a defendant waives a challenge to the ruling by

pleading guilty. *United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014); *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973)[1]. Carballa did not reserve the right to appeal the suppression issue when he pleaded guilty. (Doc. 7-2 at 108) *See* Fla. R. App. P. 9.140(b)(2)(A)(i) ("A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved."). Consequently, the claim is waived.

Ground One is **DENIED**.

**Ground Two**

Carballa asserts that the trial court "abused its discretion" by denying his motion for a downward departure at sentencing. (Doc. 4 at 24–37) He requested a downward departure based on the following mitigating factors: (1) his need for specialized treatment for a mental disorder, (2) the offense was committed in an unsophisticated manner, (3) the offense was an isolated incident for which Carballa showed remorse, and (4) other factors including acceptance of responsibility. (Doc. 4 at 26–35) He contends that competent, substantial evidence supported these grounds for a departure and asserts that the trial court abused its discretion by not departing downward. (Doc. 4 at 36–37) The Respondent asserts that the claim based on state law is not cognizable on federal habeas. (Doc. 7 at 6)

Florida's Criminal Punishment Code requires a sentencing court to calculate a lowest permissible sentence based on the nature and circumstances of the offenses and the defendant's criminal history. § 921.0024, Fla. Stat. A defendant may move for a downward departure from the lowest permissible sentence because of mitigating circumstances. § 921.0026(2), Fla. Stat. When reviewing a motion for a downward departure, the trial court

---

[1] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

4

must determine (1) whether a valid legal ground supports a departure, (2) whether adequate evidence supports the legal ground, and (3) whether the totality of the circumstances justify a departure. *Banks v. State*, 732 So. 2d 1065, 1067–68 (Fla. 1999).

Carballa's federal petition, filed through counsel, does not assert a violation of a federal right; instead it asserts that the trial court abused its discretion by failing to comply with *Banks* when denying the motion for a downward departure. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (citations omitted), defeats Carballa's claim based on state law:

> It is clear from [28 U.S.C. § 2254(a)] that a habeas petition grounded on issues of state law provides no basis for habeas relief. In the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process."
>
> In the instant case, petitioner argues that the trial judge misinterpreted Florida law regarding departure from recommended guidelines for sentencing. He cites numerous Florida cases and argues that, if the trial judge had correctly interpreted Florida case law and the Florida Rules of Criminal Procedure, petitioner would have been given a shorter sentence. As a result of these alleged violations of state law, petitioner argues, he is being denied due process and equal protection as guaranteed by the Constitution of the United States.
>
> It is our opinion that the petition raises issues of state law only and, thus, must be dismissed. Although petitioner alleges violations of federal law, it is clear that this petition is based exclusively on state law issues which are merely "couched in terms of equal protection and due process." Were this Court to undertake a review of the instant petition, we would have to conduct an examination of Florida case law and of the Florida Rules of Criminal Procedure. This we will not and cannot do.

Consequently, Carballa's claim based on state sentencing law is not cognizable on federal habeas. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[W]e have repeatedly held that 'federal

5

habeas corpus relief does not lie for errors of state law.'") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

Also, the Respondent asserts the claim is procedurally defaulted because Carballa failed to raise a federal claim on direct appeal. (Doc. 7 at 6–7) On direct appeal, Carballa raised the claim based on the violation of state sentencing law and argued that the trial court abused its discretion by denying the motion for a downward departure. (Doc. 7-2 at 384–94) Carballa failed to fairly present a federal claim.

Carballa cited *McKune v. Lile*, 536 U.S. 24 (2002), and *Brady v. United States*, 397 U.S. 742 (1970), in support of his argument that acceptance of responsibility justified a mitigated sentence. (Doc. 7-2 at 391) *McKune*, 536 U.S. at 29, held that Kansas's rehabilitative sexual abuse treatment program, which required a sex offender to accept responsibility for his crimes, did not violate the Fifth Amendment right against self-incrimination. *Brady*, 397 U.S. at 757 (citations omitted), held that "absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Neither opinion addressed a federal due process claim raised at sentencing.

Because Carballa's brief on direct appeal failed to recite the standard governing a federal due process claim at sentencing and failed to apply that standard to the facts of his case, he failed to exhaust his remedies in state court. *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005) ("We therefore hold that [t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.") (internal quotations and citation omitted). *Lucas v. Sec'y, Dep't Corrs.*, 682 F.3d

1342, 1351–52 (11th Cir. 2012) ("[A] petitioner could not satisfy the exhaustion requirement merely by presenting the state court with 'all the facts necessary to support the claim,' or by making a 'somewhat similar state-law claim.' Rather, he must make his claims in a manner that provides the state courts with 'the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim.'") (citation omitted).

If Carballa returned to state court to raise the federal claim, the post-conviction court would deny the claim as procedurally defaulted. Fla. R. Crim. P. 3.850(c). Consequently, the claim is procedurally defaulted on federal habeas. *Snowden*, 135 F.3d at 736. Carballa fails to assert cause and prejudice or a miscarriage of justice to excuse the procedural default. *Maples*, 565 U.S. at 280; *House*, 547 U.S. at 536–37. Consequently, the claim is procedurally barred from federal review.

Ground Two is **DENIED**.

Accordingly, Carballa's amended petition (Doc. 4) is **DENIED**. The Clerk is **DIRECTED** to enter a judgment against Carballa and **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Carballa neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on March 8, 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE